IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

YVONNE D.,
    Plaintiff,

v.                                          Civil No. 3:23cv285 (DJN)

MARTIN O'MALLEY,
Commissioner of the
Social Security Administration,
    Defendant.

## FINAL MEMORANDUM ORDER
### (Adopting Report and Recommendation)

In this action, Plaintiff Yvonne D. ("Plaintiff") seeks review of the Commissioner of the Social Security Administration's (the "Commissioner") decision to deny her Title II application for disability insurance benefits. This matter comes before the Court on Plaintiff's Objection to the Magistrate Judge's Report and Recommendation ("Objection") (ECF No. 20), objecting to the Report and Recommendation (ECF No. 19) entered by Magistrate Judge Summer L. Speight on June 28, 2024, which recommended that Plaintiff's Motion for Summary Judgment (ECF No. 14) be denied, Defendant's Motion for Summary Judgment (ECF No. 17) be granted and the final decision of the Commissioner be affirmed. For the reasons set forth below, the Court finds that Plaintiff's Objection lacks merit and therefore DENIES Plaintiff's Motion for Summary Judgment (ECF No. 14), GRANTS Defendant's Motion for Summary Judgment (ECF No. 17) and ADOPTS the Report and Recommendation of the Magistrate Judge (ECF No. 19) as the opinion of the Court.

## I. PROCEDURAL HISTORY

On July 11, 2024, Plaintiff filed her Objection (ECF No. 20), which objected to the Report and Recommendation on the ground that the Administrative Law Judge ("ALJ") improperly rejected Nurse Practitioner ("NP") Molly Massey's medical opinion. (*Id.* at 2.) In Plaintiff's view, Magistrate Judge Speight thus provided post-hoc rationalization. (*Id.*) On July 22, 2024, the Commissioner filed Defendant's Response to Plaintiff's Objection (ECF No. 21), arguing that Magistrate Judge Speight did not offer "a new or different ground for the ALJ's decision" but instead "permissibly point[ed] to additional evidence in support of the ALJ's decision." (*Id.* at 2 (quoting *Colbert v. Berryhill*, 2018 WL 1315447, at *2 n.2 (E.D. Va. Mar. 14, 2018)).) Plaintiff elected not to file a reply brief, and the time to do so has elapsed, thereby rendering this matter ripe for review.

## II. STANDARD OF REVIEW

A district court reviews *de novo* any part of a Magistrate Judge's disposition that a party has properly objected to. Fed. R. Civ. P. 72(b)(3); *Wimmer v. Cook*, 774 F.2d 68, 73 (4th Cir. 1985). Notably, as long as the "grounds for objection are clear, district court judges must consider them *de novo*, or else run afoul of both § 636(b)(1) and Article III." *Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023). The court may then "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

In conducting a *de novo* review, a court analyzes the Commissioner's final decision using the same standard as that used by the Magistrate Judge. The reviewing court must determine whether the factual findings are supported by substantial evidence and whether the proper legal standard was applied in evaluating the evidence. *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th

Cir. 2005). Substantial evidence requires "more than a mere scintilla of evidence but may be somewhat less than a preponderance" and includes "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). In reviewing for substantial evidence, courts may not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]." *Id.*

### III.   ANALYSIS

Plaintiff contends that Judge Speight provided post-hoc reasoning for the ALJ's decision, because "[n]owhere in the ALJ's evaluation of NP Massey's opinion did he mention that he rejected NP Massey's medical opinion . . . based on the claimant's subjective reports." (Obj. at 2.) The Court disagrees and thus OVERRULES Plaintiff's Objection.

After conducting a *de novo* review of the administrative record and considering in detail Plaintiff's Objection and Motion for Summary Judgment, the Court finds the Report and Recommendation well-reasoned and supported by the record and applicable law. As Magistrate Judge Speight explained, "the ALJ properly assessed the medical opinion evidence in accordance with the regulations, and substantial evidence supports the ALJ's disability determinations." (R. & R. at 2.) The ALJ considered NP Massey's opinion regarding Plaintiff's lifting or carrying limitation, finding it "unpersuasive, unsupported, overly restrictive, incomplete" and "inconsistent." (*Id.* at 10 (citing R. at 29).) The ALJ noted that NP Massey acknowledged her own uncertainty as to multiple limitations, instead deferring to evaluations by other specialists. (*Id.* at 15 (citing R. at 29).) The ALJ also found NP Massey's opinion inconsistent with the record presented at the hearing level, "including the assessments of the State agency medical consultants and [Plaintiff's] reported activities of daily living, which support the ability to perform light exertional work-like activities." (*Id.* (citing R. at 29).) As Magistrate Judge

Speight concluded, "[i]n doing so, the ALJ sufficiently explained the factors of supportability and consistency in his analysis of NP Massey's opinion and tied the evidence to the record." (*Id.*) Even if this Court would reach a different conclusion or weigh the evidence differently, it must accept the Commissioner's decision where, as here, it stands supported by substantial evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).

Furthermore, the Court rejects Plaintiff's position that Magistrate Judge Speight produced a post-hoc rationalization, as she did not offer "a new or different ground for the ALJ's decision." *Colbert v. Berryhill*, 2018 WL 1315447, at *2 n.2 (E.D. Va. Mar. 14, 2018). Rather, Magistrate Judge Speight "permissibly points to additional evidence in support of the ALJ's decision." *Id.* Specifically, Magistrate Judge notes the fact that NP Massey's opinion relied on Plaintiff's subjective reports. This fact simply constitutes additional record evidence supporting the ALJ's finding that NP Massey's opinion lacked supportability. Accordingly, the Court overrules Plaintiff's objection.

## IV. CONCLUSION

Having reviewed the record *de novo*, the Court finds that the Commissioner's final decision was supported by substantial evidence and that the Commissioner employed the correct legal standards in reaching that decision. Accordingly, the Court hereby ORDERS that:

1. The Report and Recommendation of the Magistrate Judge (ECF No. 19) is ACCEPTED and ADOPTED as the OPINION of the Court;

2. Plaintiff's Motion for Summary Judgment (ECF No. 14) is hereby DENIED;

3. Defendant's Motion for Summary Judgment (ECF No. 17) is hereby GRANTED;

4. The decision of the Commissioner is hereby AFFIRMED; and

5. This case is now CLOSED.

Let the Clerk file this Order electronically and notify all counsel of record.

It is so ORDERED.

/s/
David J. Novak
United States District Judge

Richmond, Virginia
Dated: September 6, 2024